UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR10-00041 PJH |
| Plaintiff, | [~~PROPOSED~~] DETENTION ORDER |
| v. | |
| GREGORY CRAWFORD, | |
| Defendant. | |

## I. INTRODUCTION

On January 2, 2015, defendant Gregory Crawford appeared before US Magistrate Judge Bernard Zimmerman, charged with violating the terms of his supervised release: (1) by committing an assault, in violation of California Penal Code § 243(e)(1), Battery of Spouse, a misdemeanor; and (2) for failing to respond to probation's repeated attempts to contact him and by failing to report as directed to Reentry Court, Sharing Education and Employment Development Strategies, and cognitive group therapy.

On January 8, 2015, US Magistrate Judge Kandis Westmore held a detention hearing. The government and probation requested that the defendant be detained as a risk of danger and flight. After considering the factors set forth in 18 U.S.C. § 3142(g), and for the reasons stated on the record and in this Order, the Court concludes that there are no conditions of release that will reasonably assure the

[~~PROPOSED~~] ORDER
CR10-00041 PJH

appearance of defendant and the safety of any other person or the community. Therefore the Court Orders the defendant detained.

## II. LAW

Under the Bail Reform Act, the Court shall hold a hearing upon motion of the Government attorney in a case that involves a serious risk that such person will flee. 18 U.S.C. § 3142(f)(2)(A). Such hearing may also be held if there is a serious risk that the person sought to be detained will pose a danger to any person or the community. 18 U.S.C. § 3142(d). In making this determination, the Court shall consider:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including his physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and records concerning appearance at court proceedings; and whether at the time of arrest the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Because Defendant is charged with a supervised release violation, Defendant bears the burden of establishing that he is not a flight risk or a danger to the community by clear and convincing evidence. FED. R. CRIM. P. 32.1(a)(6); 18 U.S.C. § 3143.

## III. FACTS

On December 17, 2010, defendant was convicted of being a Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1). He was sentenced 48 months imprisonment and three years of supervised release. He commenced supervised release on April 11, 2014.

[PROPOSED] ORDER
CR10-00041 PJH

On January 2, 2015, defendant appeared before Magistrate Judge Zimmerman, charged with violating the terms of his supervised release by:

(1) committing an assault in violation of California Penal Code § 243(e)(1), Battery of Spouse, a misdemeanor; and

(2) failing to respond to his probation officer's repeated attempts to contact him; failing to report as directed to Reentry Court, to cognitive group therapy, and Sharing Education and Employment Development Strategies (SEEDS).

On January 8, 2015, the court held a detention hearing. The government and probation requested detention based on defendant's risk of danger and flight.

At the detention hearing, the government and probation provided the following proffer:

The defendant commenced supervision April 11, 2014. He was provided with an opportunity to attend the Court's high risk offender Reentry Court and on May 28, 2014, the defendant attended the Courage to Change. However, since that time the defendant has failed to respond to repeated attempts by probation to contact him directly and through his mother. Defendant failed to attend his status hearing in Reentry Court on June 11, 2014, failed to attend cognitive group therapy on June 11 and 25, 2014, and has failed to report to SEEDS on June 4, 11, 18, 25, and July 2, 2014.

On June 3, 2014, Oakland Police Department police officers responded to a call to investigate a report of domestic violence. The victim told the officers that she had asked the defendant to leave her residence and he had then pushed her and hit her in the face three to four times. She ran into the kitchen and grabbed a kitchen knife. Defendant grabbed the knife from her and threatened to stab her. A family member appeared at the residence and defendant left.

## IV. DETENTION ORDER

The defendant began his term of supervised release on April 11, 2014. Within a month and a half, defendant failed to return the probation officer's repeated phone calls to him and to his mother.

Defendant failed to appear for a Status Hearing on June 11, 2014 in Reentry Court. He missed his cognitive group therapy with Courage to Change on June 11 and 25, 2014. He failed to report to SEEDS on June 4, 11, 18, 25 and July 2, 2014 as directed. In sum, the defendant has failed to follow all the directives of the probation officer since May 28, 2014.

On June 3, 2014, the defendant was involved in an assault of a female victim. The defendant pushed and hit the victim in the face three to four times. When the victim grabbed a kitchen knife, the defendant took it from her and threatened to stab her with it. Defense counsel proffered that the alleged victim now contends that she was the aggressor. The United States, however, proffered that this information is contained in an Oakland Police Department incident report, and that there was a witness to the alleged domestic violence.

Defendant requested that he be released to a halfway house. Given that Defendant was only on supervised release for a little over a month before the alleged violations occurred, including essentially absconding from supervision for several months, the court does not see placement in a halfway house to be a viable option for Defendant at this time. At the hearing, the defendant contended that he enjoyed the opportunity to participate in the Reentry Court program, yet his complete failure to participate in the program suggests otherwise.

Considering the factors set forth in section 3142(g), the above facts, and the arguments of the parties at the detention hearing, the court finds that Defendant has failed to meet his burden of showing, by clear and convincing evidence, that he is not a flight risk or danger to the community, and no combination of conditions in section 3142(c) will reasonably assure his appearance and the safety of any other person or the community.

## V. CONCLUSION

The Court detains the defendant as a flight risk and as a danger to the person of another and the community. The Court orders the defendant committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable,

[~~PROPOSED~~] ORDER
CR10-00041 PJH

1  from persons awaiting or serving sentences or held in custody pending appeal.  *See* 18 U.S.C.

2  § 3142(i)(2).  The defendant must be afforded a reasonable opportunity to consult privately with

3  counsel.  *See id.* § 3142(i)(3).  On order of a court of the United States or on request of an attorney for

4  the government, the person in charge of the corrections facility must deliver the defendant to the United

5  

6  States Marshal for a court appearance.  *See id.* § 3142(i)(4).  To the extent that the defendant wishes to

7  appeal this Court's detention order, he must file a formal appeal in writing to the district court.

8     IT IS SO ORDERED.

9  DATED:  January 12, 2015

10                                            KANDIS A. WESTMORE
                                          United States Magistrate Judge

[~~PROPOSED~~] ORDER
CR10-00041 PJH